United States District Court
Southern District of Texas
**ENTERED**
January 06, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IEISHA MASS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-2962 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

On September 2, 2021, plaintiff Ieisha Mass ("Plaintiff") filed this action against defendant Wells Fargo Bank, National Association as Trustee for Option One Mortgage Loan Trust 2005-4, Asset-Backed Certificates, Series 2005-4 ("Defendant"), in the 234th District Court of Harris County, Texas.[1]  Defendant removed the action to this court on September 10, 2021.[2]  Defendant filed Defendant's Motion to Dismiss Plaintiff's Second-Amended Complaint and Brief in Support ("Defendant's Motion") (Docket Entry No. 14) on November 3, 2021.  For the reasons stated below, Defendant's Motion will be granted.

---

[1]Plaintiff's Original Petition, Application for Injunctive Relief, and Request for Disclosures ("Plaintiff's Original Petition"), Exhibit 2 to Notice of Removal, Docket Entry No. 1-1, p. 5.  For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2]Notice of Removal, Docket Entry No. 1.

## I. Factual and Procedural Background

On August 1, 2005, Plaintiff executed a deed of trust (the "Deed of Trust") in favor of Option One Mortgage Corporation ("Option One") securing her repayment of a $228,000 promissory note (the "Loan") against the real property located at 9514 Woodcliff Lake Drive, Spring, Texas 77379 (the "Property").[3]  The Deed of Trust was assigned to Wells Fargo.[4]  PHH Mortgage Corporation ("PHH") acts as the loan servicer.[5]

Plaintiff states that in March of 2020 she contacted PHH to inquire about "loss mitigation options due to Covid-19 issues" and that a PHH representative "assured [her] that they would not take any action to foreclose on her Property while she was in the loan modification process."[6]  Plaintiff alleges that in the interim she "attempted to make partial payments in order to reinstate her loan but, each time, the partial payments were rejected."[7]

Plaintiff alleges that Defendant violated PHH's promise by posting her property for foreclosure to occur on September 7,

---

[3]Deed of Trust, Exhibit 1 to Plaintiff's Second Amended Complaint ("Second Amended Complaint"), Docket Entry No. 11-1, pp. 2 and 4.  A complete copy of the Deed of Trust recorded in the Harris County Deed Records is attached as Exhibit 1 to Defendant's Motion to Dismiss Original Petition and Brief in Support ("Motion to Dismiss Original Petition"), Docket Entry No. 7-1.

[4]Second Amended Complaint, Docket Entry No. 11, p. 2 ¶ 6.

[5]Id.

[6]Id. ¶ 7.

[7]Id. ¶ 8.

2021.[8]   She further contends that setting the Property for foreclosure before September 30, 2021, violated a "Federal Government moratorium on foreclosure sales[,]"[9] but she does not specify which moratorium she means.

Plaintiff filed suit against Defendant on September 2, 2021, in Harris County District Court.[10]  On September 3, 2021, Plaintiff was granted a temporary restraining order stopping the sale of the Property.[11]  Defendant timely removed the action to this court on September 10, 2021,[12] and moved to dismiss the action on September 17, 2021.[13]  Plaintiff filed an amended complaint on September 23, 2021.[14]  Defendant filed a motion to dismiss the amended complaint on October 7, 2021.[15]  Plaintiff filed her second amended complaint on October 20, 2021,[16] asserting:

(1) that she was entitled to declaratory judgment that "the pending foreclosure sale of her Property is

---

[8]Id. at 3 ¶ 9.

[9]Id. at 3 ¶¶ 10-11.

[10]Plaintiff's Original Petition, Exhibit 2 to Notice of Removal, Docket Entry No. 1-1, p. 5.

[11]Temporary Restraining Order, Exhibit 3 to Notice of Removal, Docket Entry No. 1-1, p. 29.

[12]Notice of Removal, Docket Entry No. 1.

[13]Motion to Dismiss Original Petition, Docket Entry No. 7.

[14]Plaintiff's First Amended Complaint, Docket Entry No. 8.

[15]Defendant's Motion to Dismiss Plaintiff's First-Amended Complaint and Brief in Support, Docket Entry No. 9.

[16]Second Amended Complaint, Docket Entry No. 11.

> wrongful because it violates [the Real Estate Settlement Procedures Act ("RESPA")] and the Federal Government moratorium on foreclosure sales";

(2) breach of contract;

(3) violation of the Real Estate Settlement Procedures Act;

(4) breach of duty of good faith and fair dealing;

(5) breach of duty of cooperation;

(6) common law tort of unreasonable collection efforts;

(7) negligent misrepresentation/gross negligence; and

(8) common law fraud.[17]

Defendant filed the pending motion to dismiss on November 3, 2021.[18] Plaintiff filed Plaintiff's Response to Defendant's Motion to Dismiss ("Plaintiff's Response") (Docket Entry No. 15) on November 16, 2021, and Defendant filed Defendant's Reply in Support of Motion to Dismiss Plaintiff's Second-Amended Complaint ("Defendant's Reply") (Docket Entry No. 16) on December 3, 2021.

## II.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a party to move that the court dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on

---

[17]Id. at 4-13 ¶¶ 13-46.

[18]Defendant's Motion, Docket Entry No. 14.

the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (internal quotations and citations omitted). In other words, the complaint "must contain . . . sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1940 (2009) (quoting Twombly, 127 S. Ct. at 1974). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Courts deciding on Rule 12(b)(6) motions may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2509 (2007).

### III. Analysis

A. No Claim for Violating Foreclosure Moratorium

Plaintiff seeks a declaratory judgment that "the pending foreclosure sale of her Property is wrongful because it violates . . . the Federal Government moratorium on foreclosure sales."[19] Plaintiff does not specify which "Federal Government moratorium on foreclosure sales" Defendant allegedly violated. Defendant suggests that Plaintiff is referring to 15 U.S.C. § 9056, the Foreclosure moratorium and consumer right to request

---

[19]Second Amended Complaint, Docket Entry No. 11, p. 4 ¶ 14.

forbearance provision of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act").[20]  Plaintiff's Response does not illuminate the matter further and appears to abandon the claim.[21] If Plaintiff was referring to the CARES Act moratorium, then Plaintiff would have failed to state a claim because that moratorium covered only a "60-day period beginning on March 18, 2020."  15 U.S.C. § 9056(c)(2).  Thus, it expired long before Defendant allegedly posted the Property for foreclosure sale on September 7, 2021.[22]

Plaintiff alleges that the Loan "is a Fannie Mae/Freddie Mac insured loan which is subject to a moratorium on foreclosure sales through September 30, 2021."[23]  Based on the date that Plaintiff has provided, the court could presume that Plaintiff is referring to Mortgagee Letter 2021-19, U.S. DEP'T OF HOUSING AND URBAN DEVELOPMENT, p. 1 (July 30, 2021), which extended "the foreclosure-related eviction moratorium for an additional period through September 30, 2021[.]"  But the federal moratorium on foreclosure sales referred to in this letter is not the same as the moratorium Congress created with 15 U.S.C. § 9056.  It applies only to "[Fair Housing Authority ("FHA")] Title II Single Family forward and Home

---

[20]Defendant's Motion, Docket Entry No. 14, p. 3.

[21]See Plaintiff's Response, Docket Entry No. 15.

[22]Second Amended Complaint, Docket Entry No. 11, p. 3 ¶ 9.

[23]Id. ¶ 10.

Equity Conversion Mortgage (reverse) mortgage programs[,]" id. at 2, and Plaintiff does not claim that her mortgage fits that description. Even if Plaintiff had pleaded that she had an FHA-insured mortgage, Mortgagee Letter 2021-19 only extended the moratorium on foreclosure-related evictions, not on foreclosures themselves — the letter states that "HUD's foreclosure moratorium is set to expire on July 31, 2021, and HUD is not extending that moratorium further." Id.

Plaintiff's vague references to an unspecified federal foreclosure moratorium are not enough to raise her right to relief above a mere speculative level. See Twombly, 127 S. Ct. at 1965 (2007). The court will therefore dismiss this claim.

### B.  No Claim for Breach of Contract

Plaintiff alleges that Defendant breached a contract with her by initiating foreclosure on the Property despite a PHH employee's promise not to initiate foreclosure until after her loan modification application had been reviewed.[24]

In Texas, a "loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." TEXAS BUSINESS AND COMMERCE CODE § 26.02(b). The term "loan agreement" includes any agreement or promise whereby a financial institution "loans or

---

[24]Second Amended Complaint, Docket Entry No. 11, p. 4 ¶¶ 15-16 (incorporating allegations from ¶¶ 1-14).

delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation." Id. § 26.02(a)(2). Chapter 26 of the Texas Business and Commerce Code is known as the Statute of Frauds. "Parties to a written contract that is within the provisions of the statute of frauds . . . may not by mere oral agreement alter one or more of the terms." Dracopoulas v. Rachal, 411 S.W.2d 719, 721 (Tex. 1967) (internal quotation marks omitted); see also Blackstone Medical, Inc. v. Phoenix Surgicals, L.L.C., 470 S.W.3d 636, 647 (Tex. App.—Dallas 2015, no pet.) ("An oral modification of a written contract is enforceable under the statute of frauds only if the modification does not materially alter the obligations imposed by the underlying agreement.").

The Deed of Trust permits foreclosure in the event of default.[25] Any oral deviation from the Deed of Trust is unenforceable under the Statute of Frauds. Plaintiff does not allege that Defendant made a promise in writing not to foreclose on the Property. She alleges only that a PHH representative "assured" her that PHH "would not take any action to foreclose on her Property while she was in the loan modification process."[26]

---

[25]Deed of Trust, Exhibit 1 to Motion to Dismiss Original Petition, Docket Entry No. 7-1, p. 4 ¶ 11 ("Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy."), p. 6 ¶ 21 (following acceleration, lender "may then or thereafter invoke the power of sale . . . .").

[26]Second Amended Complaint, Docket Entry No. 11, p. 2 ¶ 7.

Moreover, an action for breach of contract requires an allegation that "the plaintiff was damaged as a result of the breach." Brooks v. Excellence Mortgage, Ltd., 486 S.W.3d 29, 36 (Tex. App.—San Antonio 2015, pet. denied). Plaintiff has not made a plausible allegation that she was damaged as a result of Defendant's alleged breach of contract. Plaintiff does not allege that she has lost her home. Plaintiff seeks to recover attorney's fees,[27] but "attorney's fees for the prosecution or defense of a claim are not damages under Texas law." Richardson v. Wells Fargo Bank, N.A., 740 F.3d 1035, 1038 (5th Cir. 2014). Plaintiff seeks "mental anguish damages[,]"[28] but mental anguish damages are not recoverable for a breach of contract. Latham v. Castillo, 972 S.W.2d 66, 71 (Tex. 1998). Plaintiff contends that she is "entitled to recover her actual damages from Defendant[,]"[29] but without some indication as to what those damages are, this contention is just a threadbare recital of the "damages" element of a breach of contract claim — a "mere conclusory statement[]" that will not suffice. Iqbal, 129 S. Ct. at 1949.

Plaintiff's breach of contract claim will be dismissed.

**C. No RESPA Claim**

Plaintiff alleges that Defendant engaged in "dual tracking" — that is, the practice of actively pursuing foreclosure while

---

[27] Id. at 14 ¶ 46.

[28] Id. at 13 ¶ 43.

[29] Id. at 13 ¶ 42.

simultaneously considering the borrower for loss mitigation options — in violation of 12 C.F.R. § 1024.41.[30] Borrowers may enforce this regulation pursuant to 12 U.S.C. § 2605, the RESPA. 12 C.F.R. § 1024.41(a).

But Plaintiff acknowledges that the servicer of the Loan is PHH, not Defendant,[31] and the Fifth Circuit has held that "[b]y its plain terms, [12 C.F.R. § 1024.41] imposes duties only on servicers." Christiana Trust v. Riddle, 911 F.3d 799, 804 (5th Cir. 2018).

> A loan servicer's obligation to follow this regulation derives from RESPA itself, which also confines this obligation to servicers alone. Specifically, the statute provides that "a servicer of a federally related mortgage shall not . . . fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter." 12 U.S.C. § 2605(k)(1)(E) (emphasis added) . . . . RESPA's answer on the ultimate question of § 2605 liability is similarly limited. The statute prescribes that "[w]hoever fails to comply with any provision of this section shall be liable to the borrower for each such failure[.]" 12 U.S.C. § 2605(f). Because only "servicers" can "fail to comply" with 12 U.S.C. § 2605(k)(1)(E), only servicers can be "liable to the borrower" for those failures. 12 U.S.C. § 2605(f). The text squarely settles the issue.

Id.

Because Plaintiff cannot state a claim imposing RESPA liability on Defendant (the lender) for the actions of PHH, her RESPA claim will be dismissed.

---

[30]Id. at 5 ¶ 20.

[31]Id. at 2 ¶ 6.

**D.     No Claim for Breach of Duty of Good Faith and Fair Dealing**

The Texas Supreme Court has refused to imply a duty of good faith and fair dealing into Texas contracts. English v. Fischer, 660 S.W.2d 521, 522 (Tex. 1983). "[A]bsent a special relationship, parties to a contract have no duty to act in good faith." Barrow-Shaver Resources Company v. Carrizo Oil & Gas, Inc., 590 S.W.3d 471, 490 (Tex. 2019). "It is well settled that the relationship between a borrower and its lender is neither a fiduciary relationship, nor a special relationship." Manufacturers Hanover Trust Co. v. Kingston Investors Corp., 819 S.W.2d 607, 610 (Tex. App.—Houston [1st Dist.] 1991, no writ).

Plaintiff cannot state a claim against Defendant for breaching the duty of good faith and fair dealing because Defendant never owed Plaintiff this duty.

**E.     No Claim for Breach of Duty of Cooperation**

Texas law recognizes a duty to cooperate that "is implied in every contract in which cooperation is necessary for performance of the contract." Case Corp. v. Hi-Class Business Systems of America, Inc., 184 S.W.3d 760, 770 (Tex. App.—Dallas 2005, no pet.). "If applicable, this implied duty requires that a party to a contract may not hinder, prevent, or interfere with another party's ability to perform its duties under the contract." Id.

Plaintiff argues that Defendant breached the duty of cooperation because Defendant "did not respond to [her] with the

information needed to properly perform the obligations of the Loan or to extend [her] obligations under the Note."[32] But this does not amount to an allegation that Defendant hindered, prevented, or interfered with Plaintiff's ability to perform her duties under the contract. Plaintiff does not allege that she ever attempted to perform these duties, i.e., to make full and timely payments. Instead, Plaintiff admits that she was only making "partial payments[,]"[33] which Defendant was under no obligation to accept. Plaintiff has not stated a claim for a breach of the duty to cooperate.

### F. No Claim for Any Tort

The economic loss rule precludes Plaintiff's recovery for all of the torts she alleges. "When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." Jim Walter Homes, Inc. v. Reed, 711 S.W.2d 617, 618 (Tex. 1986). See also Southwestern Bell Telephone Co. v. DeLanney, 809 S.W.2d 493, 494 (Tex. 1991) ("When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract."). The Texas Supreme Court has consistently reaffirmed this rule. See, e.g., Wansey v. Hole, 379 S.W.3d 246, 248 (Tex. 2012) (per curiam) ("[A] duty in tort does not lie when the only injury claimed is one for economic

---

[32] Id. at 10 ¶ 37.

[33] Id. at 2 ¶ 8.

damages recoverable under a breach of contract claim."); ½ Price Checks Cashed v. United Automobile Insurance Co., 344 S.W.3d 378, 387 (Tex. 2011) ("[U]nder the economic loss rule, we have held that a claim sounds in contract when the only injury is economic loss to the subject of the contract itself."). To determine if a tort claim is barred by the economic loss rule, the court should examine (1) whether the claim is for a breach of a duty created by the contract as opposed to a duty imposed by law, and (2) whether the injury is only the economic loss to the subject of the contract itself. Formosa Plastics Corporation USA v. Presidio Engineers and Contractors, Inc., 960 S.W.2d 41, 45-47 (Tex. 1998).

Plaintiff complains of Defendant's alleged actions related to the foreclosure of a lien against real property pursuant to a Deed of Trust. Any damage she allegedly suffered is due to an alleged breach of Defendant's duties under the Deed of Trust. Her tort claims are thus all barred by the economic loss doctrine. Although Plaintiff argues that she suffered damages beyond the economic loss to the subject of the contract — specifically, damages for mental anguish[34] — the Fifth Circuit has explained that simply pleading mental anguish and other non-economic damages is "generally insufficient to avoid the economic loss rule." Colbert v. Wells Fargo Bank, N.A., 850 F. App'x 870, 876 (5th Cir. 2021). The alleged tort must be "'independent of the contractual undertaking' to avoid the economic loss rule." Id. at 877 (quoting Shellnut v.

---

[34] Id. at 13 ¶ 43.

Wells Fargo Bank, N.A., No. 02-15-00204-CV, 2017 WL 1538166 (Tex. App.—Fort Worth April 27, 2017, pet. denied).

Any duty to (1) refrain from unreasonable collection efforts, (2) correct allegedly misleading statements about Plaintiff's loan or a modification to that loan, or (3) use reasonable care in communicating information to Plaintiff is a duty that directly relates to Plaintiff's contract with Defendant and, therefore, sounds in contract rather than tort. Accordingly, all of Plaintiff's tort claims fail. For example, Plaintiff's claims for negligent misrepresentation and/or gross negligence fail as a matter of law because Defendant owed Plaintiff no duty of care, as there is no special relationship between a mortgagor and a mortgagee under Texas law. See Miller v. CitiMortgage, Inc., 970 F. Supp. 2d 568, 585 (N.D. Tex. 2013) (citing Thigpen v. Locke, 363 S.W.2d 247, 253 (Tex. 1962)). There being no independent common law duty on Defendant that would support a negligence claim, the only possible source of such a duty would be Plaintiff's contract with Defendant — and thus the economic loss rule precludes recovery.

Although the economic loss rule disposes of all of Plaintiff's remaining claims, the court concludes that these claims also fail for the reasons listed below.

1. No Claim for Unreasonable Collection Efforts

Plaintiff argues that "Defendant's failure to comply with the requirements of Texas Property Code 51.002 and to provide notice

and opportunity to cure amounts to an unreasonable collection effort."[35] This allegation, taken as true, does not amount to the "excessive harassment" of a debtor that Plaintiff must allege to make out a claim for unreasonable collection efforts under Texas law. See Aguilar v. Ocwen Loan Servicing, LLC, Civil Action No. 3:17-cv-1165-B, 2018 WL 949225, at *6 (N.D. Tex. Feb. 20, 2018).

  2.  Fraud Allegations Do Not Meet Heightened Pleading Standards

In Texas, a claim for common-law fraud has six elements: (1) a material representation was made; (2) it was false; (3) the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) it was made with the intention that the other party act on it; (5) the party did act on it; and (6) the party suffered injury because of it. Aquaplex, Inc. v. Rancho La Valencia, Inc., 297 S.W.3d 768, 774 (Tex. 2009). Additionally, fraud claims "are subject to the heightened pleading requirements of Rule 9(b)," and thus must be pleaded with particularity. Sullivan v. Leor Energy, LLC, 600 F.3d 542, 550-51 (5th Cir. 2010). "To plead fraud adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" Id. at 551 (quoting ABC Arbitrage v. Tchuruk, 291 F.3d 336, 350 (5th Cir.

---

[35] Id. at 11 ¶ 40.

2002). "To raise a question of recklessness, there must be more evidence than merely that the person making the representation turned out to be wrong[.]" Landers v. Aurora Loan Services, LLC, 434 S.W.3d 291, 297 (Tex. App.—Texarkana 2014, no pet.).

Plaintiff's fraud claim rests upon her allegation that "Defendant made false and material representations to Plaintiff by, among other things, misstating and mischaracterizing the various modification options Plaintiff could undertake with regard to [her] loan."[36] The court presumes that this cause of action refers to Plaintiff's allegation that she spoke to a PHH employee who "assured [her] that they would not take any action to foreclose on her Property while she was in the loan modification process."[37] But Plaintiff fails to specify the name of the employee who made the representation, the date of the statement, or how she detrimentally relied on the statement. Plaintiff does not allege, for instance, that she would (or could) have paid what she owed under the mortgage agreement and thereby avoided foreclosure but for her reliance on the employee's assurance that no foreclosure would take place. Moreover, Plaintiff alleges no facts that, if true, would show that the employee made the statement knowing it was false or with reckless disregard to its truth.

The statute of frauds also bars Plaintiff's fraud claim. As discussed in Part B above, the loan agreement between Plaintiff and

---

[36] Id. at 13 ¶ 46.

[37] Id. at 2 ¶ 7.

Defendant is subject to the statute of frauds. As Plaintiff does not allege that any promise of forbearance was made to her in writing, the allegations do not state a claim based on a fraud theory. Plaintiff argues, citing <u>Lam v. Phuong Nguyen,</u> 335 S.W.3d 786, 790 (Tex. App.–Dallas 2011, pet. denied), that "the Statute of Frauds does not bar a claim for fraud or negligent misrepresentation to the extent a party seeks to recover reliance or out-of-pocket damages . . . ."[38] But Plaintiff does not allege any facts which, taken as true, would show that she sustained reliance or out-of-pocket damages. She does not allege, for instance, that it cost her money to prepare and submit her loan modification application. She does not explain how reliance on the PHH employee's alleged promise damaged her.

Plaintiff has failed to state a claim for fraud.

3. <u>No Claim for Negligent Misrepresentation or Gross Negligence</u>

Plaintiff alleges that Defendant made false representations to her and then "attempted to wrongfully foreclose on Plaintiff's property,"[39] presumably referring to the PHH employee's alleged promise that Defendant would not foreclose on the Property until after reviewing Plaintiff's loan modification application.

"Under Texas law, promises of future conduct will not support a negligent-misrepresentation claim." <u>Bassknight v. Deutsche Bank</u>

---

[38]Plaintiff's Response, Docket Entry No. 15, pp. 7-8 ¶ 20.

[39]Second Amended Complaint, Docket Entry No. 11, p. 12 ¶ 44.

National Trust Co., 611 F. App'x 222, 224 (5th Cir. 2015) (holding that "Lenders' promise not to foreclose for thirty days was a promise regarding future conduct."). Accordingly, Plaintiff's allegation that a PHH employee promised her that Defendant would not foreclose until after her loan modification application had been reviewed cannot be the basis of a claim for negligent misrepresentation or gross negligence because it is a promise of future conduct.

Moreover, for the same reason that the statute of frauds precludes Plaintiff's fraud claim, it also precludes Plaintiff's claim for negligent misrepresentation.

    4.    <u>No Claim for Intentional Infliction of Emotional Distress</u>

Plaintiff lists "Intentional Infliction of Emotional Distress" among her "Damages."[40] To the extent that Plaintiff is asserting a separate cause of action, she has failed to state a claim because courts routinely reject "claims asserting intentional infliction of emotional distress where defendants simply exercised rights owed under mortgage loan documents." <u>Garza v. Deutsche Bank Trust Company Americas for Residential Accredit Loans, Inc. 2006-QS9</u>, No. A-12-CV-741 LY, 2012 WL 13029409, at *6 (W.D. Tex. Oct. 24, 2012), <u>report and recommendation adopted sub nom. Garza v. Deutsche Bank Trust Company Americas for Residential Accredit Loans, Inc.</u>, Civil No. A-12-CV-741-LY, 2013 WL 12293489 (W.D. Tex. Jan. 23, 2013) (collecting cases).

---

    [40]<u>Id.</u> at 13 ¶ 43.

## IV. Conclusion and Order

For the reasons explained above, the court concludes that Plaintiff has not stated a plausible claim to relief. Because all of Plaintiff's underlying claims fail as a matter of law, her requests for injunctive relief and attorney's fees likewise must be denied. Accordingly, Defendants' Motion to Dismiss Plaintiff's Second-Amended Complaint (Docket Entry No. 14) is **GRANTED**, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 6th day of January, 2022.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE